**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-22723-LEIBOWITZ/Hernandez**

**AIDA ACELA ABREU PENA, *et al.*,**

*Plaintiffs*,

*v.*

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,**

*Defendants*.
______________________________________/

# ORDER

Before the Court is Defendants' motion for a stay pending appellate review of a decision[1] that vacated the policy at the heart of this case ("Motion"). [ECF No. 22]. Plaintiffs oppose the stay. [ECF No. 23]. Defendants have filed their reply, [ECF No. 27], and the matter is ripe for review.[2] After considering the parties' arguments, the relevant authorities, and being otherwise informed in the premises, the Motion is GRANTED.

* * *

Plaintiffs are 286 Cuban nationals and citizens, and one Venezuelan national and citizen, who have filed applications for lawful permanent residence and employment authorization (together, "benefits applications"). [ECF No. 26 ¶¶ 1–2]. They allege that Defendants have wronged them in two ways: first, by taking too long to adjudicate their benefits applications, and second, by implementing a policy that "indefinitely delays adjudication of applications for any immigration benefit

---

[1] *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242 (D.R.I. 2026), *judgment entered*, No. 26-CV-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026).

[2] The Honorable David S. Leibowitz referred this matter to us for a ruling on all pretrial nondispositive matters, including the pending Motion. [ECF No. 40].

by *all* Cubans" ("Hold Policy"). *Id.* ¶ 1 (emphasis in original). Importantly, they linked these two theories of harm by asserting that the Hold Policy "exacerbated" the prior adjudicative delay. *Id.* On July 1, 2026, Plaintiffs filed their Second Amended Complaint, asserting claims under the Administrative Procedures Act ("APA") (Counts I-II, V), and the Mandamus Act (Counts III-IV). *Id.* ¶¶ 368–402. All the claims bore some relationship to the Hold Policy.[3] Counts I through IV alleged that the Hold Policy unlawfully exacerbated the delay, while Claim V sought to invalidate the policy as arbitrary and capricious agency action. *Id.*

On June 5, 2026, weeks before filing the Second Amended Complaint, Plaintiffs moved for a temporary restraining order ("TRO Motion"), seeking to prevent Defendants from enforcing the Hold Policy. [ECF No. 18 at 1]. They also sought to compel Defendants to adjudicate Plaintiffs' pending benefits applications under the Cuban Adjustment Act. *Id.* That same day, a district court in Rhode Island vacated the Hold Policy, among other immigration policies. *Dorcas Int'l Inst. of R.I.*, 834 F. Supp. 3d at 324–25. United States Citizenship and Immigration Services ("USCIS"), acknowledging *Dorcas*, stated it would not enforce any of the vacated policies, including the Hold Policy. *See* U.S. Citizenship & Immigr. Servs., *Court Order on Hold Policies*, Alerts, https://perma.cc/93RV-SXN8 (June 12, 2026). The government moved to stay the district court's order pending appeal, but, as to the Hold Policy, the First Circuit denied that motion. *Dorcas Int'l Inst. of R.I. v. USCIS*, No. 26-1703, 2026 WL 2364384, at *1 (1st Cir. Aug. 14, 2026) (denying request for stay as to Hold Policy).

On June 22, 2026, Defendants filed the instant Motion. [ECF No. 22]. Defendants argued that a stay is warranted, because "this case may still be resolved without further litigation." *Id.* at 1.[4]

[3] Plaintiffs' Second Amended Complaint also makes passing reference to an immigration policy that was issued post-*Dorcas*. [ECF No. 26 ¶¶ 345–46]. But Plaintiffs raise no claims concerning that policy.

[4] Alternatively, Defendants sought a stay pending adjudication of the class action motion in *E.M.P.C. v. Mullin*, No. 26-cv-21565-DSL. That case, however, has been stayed pending *Dorcas* and the class action motion was denied as moot. *E.M.P.C. v. Mullin*, No. 26-cv-21565-DSL, Dkt. Nos. 84 & 85 (S.D. Fla. Sep. 9, 2026).

In opposing the stay, Plaintiffs claimed that "[t]he mere existence of a pending appeal in a separate case does not address the underlying claims in this lawsuit, nor does it justify further delaying relief to Plaintiffs who continue to suffer irreparable harm." [ECF No. 23 at 2]. They further objected that the *Dorcas* decision takes care of only some of their claims and so cannot justify a stay. *Id.* at 5–6. In their reply, Defendants pointed out that Plaintiffs' opposition hinges on the unsupported claim that their applications are not being adjudicated, whereas immigration authorities are "adjudicating applications that had previously been on hold," and some Plaintiffs have had their applications approved during the litigation. [ECF No. 27 ¶¶ 3, 7–8]. Because the *Dorcas* decision is likely to resolve the issues presented, and because Plaintiffs will suffer no harm from a stay due to the current non-enforcement of the Hold Policy, a stay is appropriate.

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (cleaned up). This discretion extends to orders staying proceedings pending the outcome in another case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A court's discretion is not unbridled. *Barr v. Harvard Drug Group, LLC*, No. 13-cv-62019-KAM, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015) (citing *Landis*, 299 U.S. at 254–255). In deciding whether a stay is appropriate, courts consider whether: (1) the balance of harms favors the stay; (2) movant has shown hardship or inequity in proceeding with the case; (3) the requested stay is indefinite, and (4) granting the stay serves the public interest. *Barr*, 2015 WL 11181968, at *3–4. Other factors include promoting efficiency and conserving judicial resources. *See Gill v. City of Margate*, No. 25-cv-60913-MD, 2026 WL 1040562, at *1 (S.D. Fla. Mar. 27, 2026). "A stay is particularly appropriate, and within the court's sound discretion, where the outcome of another case may substantially affect or be dispositive of the issues in a case pending before a district court. This is especially true where the other case is proceeding in

another federal court." *Suite 225, Inc. v. Lantana Ins., Ltd.*, No. 12-cv-80409-KAM, 2013 WL 12171122, at *1 (S.D. Fla. Jan. 29, 2013) (quoting *MEI, Inc. v. JCM Am. Corp.*, Civil No. 09-351 (RBK/JS), 2009 WL 3335866, at *4 (D.N.J. Oct. 15, 2009)). Also, "[i]t is well established that stays pending appellate resolution of a related case, that is likely to have a substantial or controlling effect on the claims and issues in the stayed case are approved." *Stoll v. Musculoskeletal Inst., Chartered*, No. 8:20-CV-1798-CEH-AAS, 2021 WL 632622, at *2 (M.D. Fla. Feb. 18, 2021).

As both parties acknowledge, a decision from the First Circuit will directly bear on the Hold Policy analysis here. Indeed, the government in *Dorcas* seeks review of the very APA issue Plaintiffs raise in Count V. *See* [ECF No. 26 at ¶¶ 392–402 (seeking to invalidate Hold Policy as arbitrary and capricious)]. And so, this case presents a close analogue to *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1193 (11th Cir. 2009). There, the Eleventh Circuit concluded it lacked jurisdiction to review a district court's order granting a stay. *Id.* at 1200. It nevertheless observed that the district court's reason for the stay was "at least a good one, if not an excellent one," where a pending appellate case was "likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Id.* at 1198. Plaintiffs attempt to distinguish *Miccosukee*, noting that the *Dorcas* appeal involves a separate circuit, different plaintiffs, and only some—but not all—of the issues at bar. [ECF No. 23 at 6–7]. These are distinctions without a difference. If *Dorcas* were to invalidate the Hold Policy, then Plaintiffs would have precisely the set-aside they seek. Moreover, because Plaintiffs fail to distinguish between pre- and post-Hold Policy delays, their assertion that *Dorcas* resolves only a subset of the claims raised here fails. [ECF No. 23 at 7–8]. In the TRO Motion, for instance, Plaintiffs incorporate the Hold Policy into the undue-delay arguments, making that an inseverable part of the claims. [ECF No. 18-1 at 6–7]. We thus find unpersuasive Plaintiffs' recent attempt to separate its undue-delay claims from its Hold Policy challenge.

Accordingly, the stay factors weigh in favor of granting the stay. First, denying the Motion risks harm to both parties through expensive, potentially futile litigation. *See Barr*, 2015 WL 11181968, at *4 (concluding that relative harms weigh in favor of a stay where a pending decision could render the case moot, and thus continued, "costly litigation" may be "in vain"). Second, and relatedly, the balance of equities also favors granting the stay. Plaintiffs do not allege that their litigation position will worsen during the stay, nor do they suggest that immigration authorities are implementing the Hold Policy in contravention of the vacatur order. In fact, as Defendants point out, many Plaintiffs have had their benefits applications adjudicated during the pendency of this action. [ECF No. 27 ¶ 8]. Third, the stay has a clearly defined end—the *Dorcas* appellate decision. [ECF No. 22 at 1, 7]. Fourth, because the *Dorcas* decision may be outcome-determinative, a stay serves the public interest by avoiding inconsistent litigation outcomes, promoting efficiency, and conserving judicial (and litigant) resources. *See Martinez Moncada v. Noem*, No. 26-cv-21625-JEM, 2026 WL 2597477, at *1 (S.D. Fla. Aug. 26, 2026) (granting opposed motion for stay pending resolution of out-of-district action, where both cases involved the "same relief, target[ed] the same alleged practices, and involve[d] similar factual allegations"); *BC Dental, Inc. v. FSH Maint., LLC*, No. 23-CV-00664-WFJ-LSG, 2024 WL 5186887, at *5–7 (M.D. Fla. Dec. 20, 2024) (staying two counts for which a pending state court action would be dispositive). That the *Dorcas* appeal "may substantially affect or be dispositive of the issues in" in this case further supports the stay. *Suite 225, Inc.*, 2013 WL 12171122, at *1.

One final note. Plaintiffs dedicate a significant portion of their response to irreparable harm, [ECF No. 23 at 2, 6, 8–10], but they never tie that purported harm to the Hold Policy. Nor can they, because that policy is no longer being enforced. In other words, the Hold Policy is no adjudicative bar here and, as Defendants represented (without dispute from Plaintiffs), Plaintiffs' applications are being decisioned. [ECF No. 27 ¶¶ 3, 7–8]. Plaintiffs cannot, therefore, say that a decision on their pending TRO Motion would change their position, because that motion sought, through an

injunction, precisely the current status quo. And to the extent that motion also sought to compel adjudication of Plaintiffs' benefits memoranda, such relief is likely unavailable via a TRO. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("It is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits."). Thus, Plaintiffs have alleged no prejudice stemming from the requested stay.

Because the *Dorcas* appeal will substantially affect the present claims, the Court will grant the stay.

It is therefore ORDERED AND ADJUDGED that the Motion, [ECF No. 22], is GRANTED as follows:

1. This case is STAYED while the order in *Dorcas* remains in effect during appeal.
2. The parties are ordered to file a joint status report with the Court every 90 days from the date of this order.

DONE AND ORDERED in the Southern District of Florida on October 14, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA